```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

THOMAS SCOTT CROSSLAND,            )
                                   )
            Plaintiff,              )
                                   )
        vs.                         )    CIV-08-149-FHS
                                   )
CHARLES PEARSON, et. al.,          )
                                   )
            Defendants.             )

**ORDER**

Before the court for its consideration is the Combined Motion for Summary Judgment and Brief in Support on Behalf of Defendant Rex Eskridge filed on May 14, 2009. Plaintiff filed a response to said motion but did not specifically contest the facts contained therein. In fact, the response just explained why plaintiff thought he needed the records. The court rules as follows on the motion.

Plaintiff, pro se, seeks a declaration from this court ordering the above named defendants to provide copies of certain documents Crossland believes defendants are in possession thereof. As is relevant to the instant case, Crossland seeks from defendant Eskridge and the District Attorney's office the following files: surveillance notes and reports; any and all witness interviews, especially the interview of Curtis Jenkins; evidence logs (not just reports) showing physical evidence found by police; confirmation or acknowledgment that no red phosphorous was recovered or seized; and any and all photographs taken by the Assistant Fire Chief of the storage unit where Crossland was arrested on November 7, 1998.

All of the documents sought from defendant Eskridge relate to

a 1998-1999 conviction of conspiracy to manufacture methamphetamine and possession of a listed chemical, iodine, with cause to believe it be used to manufacture methamphetamine.

The court finds the facts as follows. Crossland filed his Motion for Declaratory Judgment against the instant defendants in April 2008. Eskridge is the Chief of Police of the City of Muskogee. However, the Chief of Police and the District Attorney are different entities and as a result, do not share the same records. The former being a municipal officer and the latter being a county elected official. On October 5, 1998, City of Muskogee Police Department filed a request for prosecution of Crossland with the Muskogee County District Attorney's Office. The charge requested fell under the Oklahoma Precursor Substances Act. The investigation of Crossland and subsequent arrest in 1998 was done at the request of the DEA. The Special Investigation Unit of the Muskogee Police Department was merely acting as an assisting agency. As an assisting agency the Special Investigation Unit would have turned over to the DEA any witness statements, videos (surveillance or otherwise) and lab reports that would have been taken or which ever existed. Major Tommy Knight, with the Muskogee Police Department, had conducted a search into the Muskogee Police Department records kept in the ordinary course of business to determine whether the Muskogee Police Department had custody of any of the documents demanded by Crossland. His records search focused on the following: 1) surveillance notes and reports relating to Mr. Crossland's arrest and prosecution; 2) any and all witness interviews, including an interview of Curtis Jenkins; 3) evidence logs showing physical evidence found by police and later used against Mr. Crossland; 4) records of red phosphorous seized or recovered; 5) any and all photographs taken by a fire chief of the storage unit where Mr. Crossland was arrested in 1998. The only

records found were those attached to Knight's affidavit and which were subsequently produced to Crossland.  No other records exist.  Defendant Eskridge and the City of Muskogee provided Crossland with copies of all documents relevant to his request which were located in the custody of defendant Eskridge.

Plaintiff filed an Oklahoma Open Records Request Form.  Once the form was received, officials from the Muskogee Police Department conducted a records search to determine which documents sought by Crossland were in their custody.  It is undisputed every document in this defendant's possession relating to Crossland was given to him.  Thus, there is no cause of action against this defendant.  Accordingly, defendant Eskridge's motion for summary judgment is hereby granted.

**IT IS ORDERED** this 24th, day of June, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma